## COPELAND v. DEGNON–McLEAN CONTRACTING CO.

(Supreme Court, Appellate Term.   June 13, 1904.)

1. NEGLIGENCE—PERSONAL INJURIES—FAILURE TO GUARD EXCAVATION—EVIDENCE.

   In an action for personal injuries alleged to have been caused by the negligence of defendant in failing to properly guard an excavation made by it, into which plaintiff fell, evidence considered, and *held* to show that a verdict for plaintiff was against the weight of the evidence.

Appeal from City Court of New York, Special Term.

Action by Alexander Copeland against the Degnon-McLean Contracting Company. There was verdict for plaintiff, and from an order denying a motion for a new trial defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

James F. Donnelly, for appellant.

Bernard Vorhaus, for respondent.

TRUAX, J.. Plaintiff brings this action to recover damages for personal injuries received by reason of the alleged negligence of the defendant in failing properly to guard and protect an excavation made by it in a portion of Forty-Second street near the intersection of said street with Madison avenue. The plaintiff was the sole witness as to how or in what manner he received his injuries, and his version of the accident is so uncertain and variable as to cause great

doubt upon its reliability, and to make the cause of the accident very problematical; and, if any weight is to be given to the testimony on the part of the defendant, the entire evidence is clearly insufficient to support the verdict rendered. Plaintiff's first statement is that he first crossed Madison avenue, and reached a point about seven feet from the corner, and there "stood upon a plank that gave way and went down." He stepped into a space between the southerly rail of the cross-town car track and the corner of Forty-Second street and Madison avenue to avoid a passing car. He says: "The place upon which I stepped between the southerly rail and the fence was a plank. When I stepped upon it, the rail gave way, and I went down. Part of the roadway consisted of this plank. It covered up the excavation. The plank and the rail both gave way at the same time." Although it is not made clear, it is probable that when the witness used the word "rail" in connection with the plank he meant the lower rail or plank of the fence that surrounded the excavation. Subsequently he testified that on one side was the plank, then came the fence, and then the open excavation; that he did not fall under the plank, but fell under the fence beyond the plank; and that there was no excavation under the plank, nor between him and the barrier. He shifted the ground of his cause of action as first stated by him, and gave an entirely different account of the manner in which he fell into the hole, although he gave no testimony as to what caused such fall, or any evidence of any act of omission or commission from which negligence on the part of the defendant could be imputed. From this ambiguous and contradictory testimony it is impossible to determine with any degree of accuracy how the plaintiff received the injuries sued for. Certainly, if there was no excavation under the plank that could not have given way, and if the plaintiff fell under the fence beyond the plank, some cause therefor should have been given inculpating the defendant. The defendant showed by two witnesses, whose testimony was not disputed, that there was a complete fence around the excavation, consisting of two-inch plank, twelve inches wide, and nailed in three courses; and there were three rails or plank, the bottom one being between six or eight inches from the ground; and that at the time the plaintiff was discovered in the excavation into which he had fallen this barrier or fence was perfectly intact, no part thereof being broken or removed. It was also shown by three witnesses on the part of the defendant that when the plaintiff was taken from the hole into which he had fallen he showed indications of intoxication. Two of these witnesses likewise testified that the plaintiff stated "he did not know how he came to be down there, except that he lost his hat, and went to get it out." These latter statements were disputed by the plaintiff. In view of the equivocal character of plaintiff's evidence and the uncontradicted testimony in respect to the perfect condition of the barrier immediately after the plaintiff received his injuries, we must hold that the verdict is against the weight of evidence, and the motion for a new trial should have been granted.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.